UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CINDY VILLARREAL- YBARRA,    ) | |
| ) | |
|    Movant    ) | |
| ) | |
| VS.    ) | Civil Action No: SA-14-CA-82-XR |
| ) | Crim. No. SA-10-CR-658(2)-XR |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
|    Respondent.    ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (docket no. 95) and Movant's objections thereto (docket no. 99). After careful consideration, the Court will accept the recommendation and dismiss the § 2255 motion as untimely.

Any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law.

The Magistrate Judge recommends dismissing the § 2255 motion because it was not timely filed under AEDPA's statute of limitations. Villarreal's amended judgment was entered January 27, 2012, and her conviction became final February 10, 2012. This § 2255 motion was untimely filed on January 17, 2014. Therefore, the Magistrate Judge recommends dismissal.

In response to the Magistrate Judge's show cause order, Villarreal asserted that the § 2255 motion was untimely filed due to her various physical ailments. The Magistrate Judge recognized that "the time during which a prisoner is incapacitated for mental or physical reasons might serve as a basis for equitable tolling of the AEDPA's limitations period," but found that "Villarreal has not shown that she was physically incapacitated throughout her incarceration or that her physical ailments prevented her from filing her § 2255 motion." Specifically, the Magistrate Judge found that Villarreal failed to explain why she was unable to work on her § 2255 motion during the time she

1

remained on her unit and that she failed to exercise diligence, having allowed most of the one-year limitations period to expire before she was even incarcerated. The Magistrate Judge concluded that Villarreal is not entitled to equitable tolling.

In her objections, Villarreal moves the Court to equitably toll the statute of limitations. Villarreal states that before her incarceration, she was caring for her mother "who was suffering from serious illness" and did not have access to legal counsel or understand her rights and obligations regarding filing her § 2255 motion. She states that she was then hospitalized immediately upon her incarceration and it took her a while to learn her legal rights.

As the Fifth Circuit recently explained,

> "Equity is not intended for those who sleep on their rights," and thus "[t]o establish his entitlement to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." The required diligence is "reasonable diligence," not "maximum feasible diligence." In general, equitable tolling is warranted only in "situations where the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights." Accordingly, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." Although only extraordinary cases justify equitable tolling, "the statute of limitations must not be applied too harshly" because "[d]ismissing a first § 2255 motion or habeas petition is a particularly serious matter."

*Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (footnotes omitted)

Plaintiff's objections fail to establish a basis for equitable tolling. Plaintiff's limitations period began to run on February 10, 2012. Plaintiff self-surrendered on January 4, 2013. Plaintiff does not demonstrate that she was diligently pursuing her rights during this time or was prevented by extraordinary circumstances from filing her motion. Rather, she states that she was caring for her mother and was unaware of her rights or obligations with regard to filing a § 2255. However, this establishes only excusable neglect and ignorance of the law, which are insufficient to justify equitable tolling.

Plaintiff states that she was hospitalized the day she arrived at Carswell, and it was some time before she became familiar with the law library and was able to "meet up with some of the 'legal eagles'" incarcerated with her. As noted by the Magistrate Judge, however, "[b]rief periods of incapacity during a one-year statute of limitations do not necessarily warrant equitable tolling." Rec.

at 4 (citing *Fisher v. Johnson*, 174 F.3d 7190, 715 (5th Cir. 1999)). Plaintiff fails to demonstrate that she was aware of the need to file her § 2255 motion between January 4, 2013 and February 10, 2012 and that she diligently pursued her rights but was prevented from filing due to her medical conditions.

Plaintiff fails to demonstrate that she diligently pursued her rights during the AEDPA limitations period or that extraordinary circumstances prevented her timely filing. Rather, she establishes only excusable neglect and ignorance of the law, which are insufficient to justify equitable tolling. Accordingly, the Court ACCEPTS that Magistrate Judge's recommendation and therefore ORDERS that the § 2255 motion (docket no. 91) be DISMISSED as barred by limitations and that COA be DENIED. Villarreal's motion for equitable tolling (docket no. 99) is DENIED.

It is so ORDERED.

SIGNED this 22nd day of April, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE